# United States District Court

__SOUTHERN__ DISTRICT OF __NEW YORK__

DIARRA NIANGUIRY,

    Plaintiff

V.

THE CITY OF NEW YORK, P.O. HARRY ORITZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 12 CIV 6307

JUDGE BUCHWALD

TO: (Name and address of defendant)

The City of New York
100 Church Street
New York, NY 10007

P.O. Harry Oritz
Manhattan South Task Force
524 West 42nd Street
New York, NY 10036

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher D. Galiardo, Esq.
MYERS, SINGER & GALIARDO, LLP
299 Broadway,
Suite 200
New York, New York 10007

an answer to the complaint which is herewith served upon you, within _____21_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RUBY J. KRAJICK

AUG 1 7 2012

CLERK            DATE

(BY) DEPUTY CLERK



12 CIV 6307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CG7285

DIARRA NIANGUIRY,

    Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. HARRY ORTIZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendants.

COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, DIARRA NIANGUIRY, by his attorneys, MYERS SINGER & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. HARRY ORTIZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, an African American male, was and is a resident of Bronx, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O. HARRY ORTIZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently

unknown), are and were police officers, employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## STATEMENT OF FACTS

11. On September 2, 2011, at approximately 3:20 p.m., Plaintiff DIARRA NIANGUIRY was gainfully employed in a store located at 315 Broadway, New York, New York, which sells various clothing and accessories, including handbags.

12. As Plaintiff was working, a man entered the store and began to inquire about the handbags. Upon information and belief, the man was P.O. HARRY ORTIZ working in an undercover and/or plainclothes capacity.

13. The man asked the cost of one of the bags, which Plaintiff told him, cost $10. The gentleman told plaintiff that the bag looked like a Burberry bag. The plaintiff told the man it was not a Burberry bag.

14. The Defendant, revealing himself as a police officer, stated, "it looks like a fake bag to me, you are under arrest".

15. Plaintiff stated, "it is not a Burberry bag and, in fact, it doesn't even look like a Burberry bag." The plaintiff explained that he purchased the bag from a legitimate wholesaler and was willing to show the invoices to the police officer.

16. The police officer declined to look at the documentation and told plaintiff, "save it for the judge".

17. Immediately thereafter, two other police officers entered the store and plaintiff was forcibly taken into custody.

18. As the police officer handcuffed Plaintiff DIARRA NIANGUIRY, a crowd of his customers in the store gathered and witnessed Plaintiff's arrest.

19. Plaintiff was taken out of the store during the middle of its operating hours. He had to ask a nearby friend to stay and close and lock the store.

20. Plaintiff was transported to the Manhattan South Task Force Precinct where he was charged with Trademark Counterfeiting in the Third Degree, a misdemeanor.

21. The defendants then filed false and misleading reports to support the arrest charges, including the false allegation that the handbag at issue contained a counterfeit Burberry trademark. In fact, the bag at issue did not closely resemble a Burberry bag.

22. On or about September 3, 2011, Plaintiff was arraigned in New York County Criminal Court under Docket Number 2011NY064889, and was released on his own recognizance.

23. Plaintiff insisted on fighting the false charges against him and made numerous court appearances over the next six (6) months defending the false charges.

24. On or about April 24, 2012, the District Attorney's Office, upon information and belief having examined the bag at issue, moved to dismiss the case against plaintiff.

25. Prior to his release from custody at arraignment, Plaintiff spent one (1) day in jail.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

26. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

28. All of the aforementioned acts deprived Plaintiff, DIARRA NIANGUIRY, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

32. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

35. Additionally, defendants violated Plaintiff's Fourth Amendment rights by subjecting him to an improper and illegal strip search.

## THIRD CLAIM FOR RELIEF: FALSE AREST UNDER 42 U.S.C 1983

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. As a result of Defendants' aforementioned conduct, Plaintiff, DIARRA NIANGUIRY, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

39. As a result of his false arrest, Plaintiff DIARRA NIANGUIRY was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

42. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

44. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

45. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

46. The criminal proceedings were terminated in favor of Plaintiff and all the charges against him were dismissed and sealed.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

47. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48. Defendants issued legal process to place Plaintiff under arrest.

49. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Defendant Police Officers P.O. HARRY ORTIZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested DIARRA NIANGUIRY despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

53. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

55. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

56. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff DIARRA NIANGUIRY.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff DIARRA NIANGUIRY as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff DIARRA NIANGUIRY as alleged herein.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff DIARRA NIANGUIRY.

60. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

61. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from

the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

62. All of the foregoing acts by Defendants deprived Plaintiff DIARRA NIANGUIRY of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from intentional assault and infliction of emotional distress;

    f. Not to have cruel and unusual punishment imposed upon him; and

    g. To receive equal protection under the law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff DIARRA NIANGUIRY demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:     New York, New York
           August 10, 2012

                                   Respectfully submitted,

                                   _____
                                   Christopher D. Galiardo (CG7285)

                                   MYERS SINGER & GALIARDO, LLP
                                   *Attorneys for Plaintiff*
                                   299 Broadway, Suite 200
                                   New York, New York 10007
                                   (212) 986-5900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIARRA NIANGUIRY,

    Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. HARRY ORITZ and P.O.s "JOHN DOE"#1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendants,

---

COMPLAINT AND DEMAND FOR JURY TRIAL

---

MYERS, SINGER & GALIARDO, LLP
Christopher D. Galiardo, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900